# Theodore B. Switzer, Special Adm'r, etc., v. Samuel Kee, Executor, etc.

1.  APPEALS—*By Special Administrators.*—Before a special administrator, appointed to defend a claim against an estate, can be allowed costs and attorney's fees incurred on an appeal from an order allowing the claim, it must appear that he acted in good faith and with reasonable prudence in appealing. The question, whether an order of the Probate Court authorizing the appeal is necessary, is raised but not decided.

**Claim in Probate.**—Appeal from the Circuit Court of McDonough County; the Hon. CHARLES J. SCHOFIELD, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed February 25, 1897.

SHERMAN & TUNNICLIFFS, attorneys for appellant.

BAILY & HOLLY, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Samuel Kee, being executor of Mary Kee, deceased, and having a demand in his favor against the estate, Theodore B. Switzer was appointed special administrator to represent the estate.

The County Court, after hearing the evidence offered on both sides, made an allowance of $500 in favor of the claimant, from which he prosecuted an appeal to the Circuit Court. The special administrator also appealed. In the Circuit Court the claimant recovered $1,200, and the special administrator appealed to the Appellate Court, where the judgment was affirmed. He then took the record to the Supreme Court on a writ of error, and was again defeated.

Afterward, he presented his report as special administrator to the County Court, asking an allowance for the expenses of the entire defense, including costs and attorney fees in the Appellate and Supreme Courts. The allowance was made, and an appeal was prosecuted by the executor

to the Circuit Court, where the allowance was reduced by rejecting the costs and attorney fees incurred in the Appellate and Supreme Courts, and now the special administrator brings the latter judgment here by appeal, and assigns error.

The case being tried before the court without a jury the special administrator submitted several propositions of law, of which the following was No. 1:

"The special administrator had the right under the law to appeal from the judgment of the County Court to the Circuit Court, and from the judgment of the Circuit Court to the Appellate Court, and also had the right under the law to prosecute a writ of error from the Supreme Court to the Appellate Court in the matter of the claim of Samuel Kee v. The Estate of Mary Kee, provided he acted in good faith and with reasonable prudence in so doing."

It was marked "held" by the court. It will be noticed that the right to recover the costs and expenses in question was thereby made to depend upon whether the special administrator "acted in good faith and with reasonable prudence."

The same limitation is found in the third, fourth and fifth propositions, which were also "held." Thus the points of good faith and reasonable prudence were conceded by the special administrator to be before the court for determination, and properly so. Wœrner on Law of Administration, Sec. 516. It must have been found that in removing the case to the Appellate and the Supreme Courts there was either a want of good faith or reasonable prudence or both.

It appears that there were seven heirs, four of whom were represented by the executor, he being one and having acquired the shares of three more. After the case had been determined in the Circuit Court, he stated the fact of his interest to the special administrator and urged him not to protract the litigation by further appeal. None of the heirs, either those represented by the executor, or the others, asked the special administrator to make further defense nor were they consulted by him about it. He acted solely

upon his own judgment and the advice of his attorney. In thus acting, he subjected himself to the imputation of being governed by a desire to make business for himself and his attorney rather than to protect the estate, and if the court so found, the finding is not without support in the proof. The court was also warranted in finding that such action, if in good faith, was not reasonably prudent. On examining the record of the case, as it appears from the reports in the Appellate and Supreme Court, it is apparent that the main question was one of fact, upon which there was no reasonable ground to expect a reversal. In the opinion originally filed we held that the appeal to the Appellate Court and the writ of error from the Supreme Court were improperly taken because not authorized by an order of the County Court, but upon considering the petition for rehearing, we think it advisable not to rest the decision upon that ground. The judgment of the Circuit Court may be affirmed upon the view already stated and it is therefore unnecessary to determine whether an order of the County Court was required to authorize such action by the special administrator.

The opinion heretofore filed herein is modified and the rehearing denied, the judgment of the Circuit Court being affirmed.